IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GORGE LEASING COMPANY, a Washington corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>THRIFTY PAYLESS, INC., a California corporation,<br><br>        Defendant. | Civil Case No. 07-826-KI<br><br>OPINION AND ORDER |

Edwin C. Perry
Tonkon Torp LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204

    Attorney for Plaintiff

Kerry J. Shepherd
Markowitz, Herbold, Glade & Hehlhaf, P.C.
1211 S.W. Fifth Avenue, Suite 3000
Portland, Oregon 97204-3730

Page 1 - OPINION AND ORDER

Delbert D. Miller
Rohde & Van Kempen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000

    Attorneys for Defendant

KING, Judge:

Defendant Thrifty Payless, Inc. ("Thrifty") was granted summary judgment dismissing all claims in this commercial lease dispute filed by plaintiff Gorge Leasing Company ("Gorge"). Before the court is Thrifty's Motion for Award of Costs and Attorney Fees (#43).

## LEGAL STANDARDS

In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation. Id. at 364 n.9. The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 2 - OPINION AND ORDER

relationship with the client, and (12) awards in similar cases. Id. at 363 n.8.

The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. Id. at 364 n.9. Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation. Id. at 363-64. There is a strong presumption, however, that the lodestar amount is a reasonable fee. Nevertheless, in rare cases, this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. Id. at 364 n.8. Upward adjustments of the lodestar amount are proper only in "rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts." Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088 (1986) (internal quotations omitted).

## DISCUSSION

Gorge objects to the requested fees, speculating that the use of two partners from two law firms contributed to inefficiency. Gorge compares the fees sought to the fees it incurred, less than $25,000, and asks that the court reduce Thrifty's fees to this amount. Gorge does not object to the hourly rates charged by the two attorneys and does not point to any specific work which should not have been performed in the case.

I reviewed the invoices supporting Thrifty's fee request but did not see any excessive use of time on tasks or duplicated time between the two counsel. It is certainly not unusual to have

two attorneys assigned to a matter. Although this was not a complex case requiring a lot of discovery, a significant amount of money was at issue. Counsel was experienced and presented the issue well. Most importantly, Thrifty obtained an excellent result, getting the claims dismissed with prejudice. I see no reason to reduce the lodestar amount and award it in full.

## CONCLUSION

Thrifty's Motion for Award of Costs and Attorney Fees (#43) is granted. I award attorney fees in the amount of $38,935.50. Costs have already been awarded.

IT IS SO ORDERED.

Dated this        1st         day of July, 2008.


        /s/ Garr M. King
        Garr M. King
        United States District Judge